IN THE MATTER OF THE PETITION OF GEORGINA ALEXANDER FOR A WRIT OF HABEAS CORPUS ON BEHALF OF GILBERT EDWARD THOMPSON.

## No. 1463.

ERROR TO CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED MAY 9, 1923.                    DECIDED MAY 10, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

PARENT AND CHILD—*custody and control of children—right of mother.*

> Upon *habeas corpus* the custody of an illegitimate child will be restored to its mother when it appears that the mother left the child for temporary purposes with others and with no intention of abandoning it and that she is not morally unfit to have its care and custody.

OPINION OF THE COURT BY PERRY, J.

This was a petition for a writ of *habeas corpus* directing the respondents to produce the body of one Gilbert Edward Thompson, a minor, the illegitimate child of the petitioner.   The object of the proceeding was to test the

right of the parties to the custody of the child. The child was born May 28, 1920. In April, 1922, with the consent of its mother, it passed into the custody and keeping of the respondents. On October 16, 1922, the mother demanded the return of the child. This was refused and the petition for the writ followed. The contention of the respondents in their return and at the trial was that the child was taken by them upon the promise of the mother that adoption papers would be executed whereby the respondents would become the parents of the child by adoption. This was denied by the mother at the trial. It was further contended by the respondents and denied by the mother that at the time of the trial the mother was a woman of dissolute habits and morally unfit and financially unable to have the custody and care of the child. After trial the circuit judge, from whose decree the case comes to this court by writ of error, found that the petitioner had not at any time relinquished or forfeited her right to the custody of the child, that she was not personally unfit by reason of immoral practices or pernicious example to enjoy the right of custody and that she was not unable to undertake and completely perform the statutory duties that devolved upon her in the enjoyment of that right. He further held that the interests of the child would be best conserved by its being returned to its mother irrespective of the material advantages that the respondents, strangers in blood, might be able to offer.

After an examination of all of the evidence adduced, we find the facts to be as stated by the circuit judge. There was no abandonment of the child by the mother nor any other forfeiture by the latter of her statutory and natural right to its custody. While it is true that she did at a time of lack of physical strength, and perhaps also of financial means, consent to have the respondents take the child into their custody and keeping, there was

no surrender or abandonment of the child by her.   There was not even a promise, as we find from the evidence, that the child would later be given in adoption.   It is true also that the mother erred prior to the birth of the child but upon the evidence adduced we cannot find that there was any subsequent misconduct justifying a deprivation of her right to the custody.  Some evidence was introduced which was claimed to show subsequent misconduct but it clearly was not evidence sufficient to support a finding to that effect.   It appearing, therefore, that the mother has at no time surrendered or lost her right of custody and control and that she is a fit and proper person to have the custody of her child, the mere fact that the respondents are better situated financially than she is cannot be deemed material. The poor are equally entitled with those of better financial condition to the company, the care and the custody of their children.

The decree appealed from is affirmed.

*E. Murphy* for plaintiffs in error.

*Hathaway & Godbold* for defendant in error.